■ Joseph Nurnberg, Respondent, v. C. Irving Dwork et al., Appellants. — Order, entered on June 16, 1960, denying defendants' motion for summary judgment, unanimously reversed, on the law, with $20 costs and disbursements to appellants and the motion granted as to the first cause of action and the agreement declared void and unenforcible under subdivision 1 of section 31 of the Personal Property Law, and the motion granted as to the second and third causes of action, without prejudice to plaintiff-respondent, if so advised, serving an amended complaint in an action at law in *quantum meruit*. In this action for a declaratory judgment, the first cause of action is upon an oral agreement whereby plaintiff was to negotiate for the operation of retail outlets in stores of M. H. Fishman Co., Inc., and the defendants were to pay to the plaintiff 1% of the gross retail sales of the defendants in said stores. The second and third causes of action are in declaratory judgment for *quantum meruit* for the reasonable value of plaintiff's services. The agreement relied on is within the Statute of Frauds in that by its terms it is not to be performed within one year from the making thereof. The defendants are required thereby to pay 1% of their gross sales at the Fishman stores during any period thereafter. (*Zupan* v. *Blumberg,* 2 N Y 2d 547; *Martocci* v. *Greater N. Y. Brewery,* 301 N. Y. 57; *Cohen* v. *Bartgis Bros. Co.,* 289 N. Y. 846, affg. 264 App. Div. 260.) Plaintiff's reliance on *Nat Nal Serv. Stations* v. *Wolf* (304 N. Y. 332) is misplaced. There the court held each purchase and sale of gasoline resulted from a separate contract not within the scope of the Statute of Frauds. In the instant case, there is one underlying arrangement whereby the defendants are obligated to pay 1% of the gross sales if at any future time they

establish concessions at stores of M. H. Fishman Co., Inc., so long as the concessions are maintained by the defendants. The agreement relied on, therefore, is within the Statute of Frauds. The second and third causes of action on *quantum meruit* may be maintainable as common-law actions but do not support an action for declaratory judgment. (*James* v. *Alderton Dock Yards*, 256 N. Y. 298.) However, the respondent should be afforded the opportunity, if so advised, to serve an amended complaint alleging a cause of action at law in *quantum meruit*. (*Elsfelder* v. *Cournand*, 270 App. Div. 162, 165.) Settle order on notice. Concur — Botein, P. J., Rabin, Valente, McNally and Eager, JJ.