Joseph A. Sarafite, J.
Defendants move pursuant to subdivision 7 of rule 107 of the Rules of Civil Practice to dismiss the complaint on the ground that the contract upon which the causes of action are based is unenforcihle under the Statute of Frauds.
*854 The complaint alleges two causes of action arising out of the same transaction. The first cause of action, brought against the individual defendant Neil Simon and a corporation controlled by him, Ellen Enterprises, Inc., charges the breach of an oral agreement to license motion picture rights in a play written by Simon. The alleged contract was entered into in California and was to be performed there. The second cause of action, brought against the same defendants and also against Paramount Pictures Corporation, alleges interference with the contractual relationship between plaintiff and the first two defendants.
The first cause of action alleges that the contract for the licensing rights is valued at more than $175,000. And it is clear that despite plaintiff’s arguments to the contrary, the alleged contract could not be performed within a year of its making. Consequently, it is unenforcible in the courts of California, the State where it was made, by virtue of section 1624a and subdivision 1 of section 1624 of the California Civil Code. Moreover, it is also clear that if the contract had. been entered into in New York, it would run afoul of our Statute of Frauds (Personal Property Law §§ 85, 85-a, 31, subd. 1). Plaintiff argues, however, that where a contract is made in a State which has a procedural Statute of Frauds (California), and an action is brought upon that contract in a State which has a substantive Statute of Frauds, then the agreement need not be in writing at all. In support of this proposition, plaintiff cites: Beale, Conflict of Laws (vol. 2, § 334.1, p. 1182); Restatement, Conflicts (§ 334, Comment b) and Marie v. Garrison (13 Abb. N. C. 210).
Plaintiff’s argument assumes that the New York Statute of Frauds is substantive, rather than procedural. This question has not yet been settled (see Rubin v. Irving Trust Co., 305 N. Y. 288) and need not be passed upon here. Even if our statute is substantive, this court would not apply such a mechanical rule to the facts of this case, for in so doing, it might allow the enforcement of a contract which is unenforcible where made and where it was to be performed and which would have been unenforcible in New York had it been made here. Therefore, the first cause of action must be dismissed.
It does not follow, however, that the second cause of action must also be dismissed. The alleged contract is not void, but only voidable. “ One who induces a party to a contract voidable by or unenforcible against him to avoid it is liable for that act (Rice v. Manley, 66 N. Y. 82).” (Union Circulation Co. v. Hardel Publishers Serv., 6 Misc 2d 340, 344, Steuer, J.) The second cause of action, however, is imperfectly pleaded.
*855 The motion is granted with leave to plaintiff to serve an amended complaint as to its second cause of action within 20 days after service of a copy of the order to be settled hereon with notice of entry thereof.