■ JULIUS STEINBERG et al., Respondents, v. UNIVERSAL MACHINENFABRIK GMBH et al., Appellants, et al., Defendants.— In an action based on an alleged breach of contract, inducement to breach the contract, and fraud: (a) two corporate defendants appeal from an order of the Supreme Court, Kings County, entered May 18, 1965, which denied their motion to dismiss the first three causes of action and for summary judgment; and (b) a third corporate defendant (Speizman Knitting Machine Co.) appeals from the first-mentioned order and from another order of said court, entered the same day, which denied its separate motion for summary judgment. First above-mentioned order modified by denying the motion as to the third cause of action only and by granting such motion as to the first and second causes of action. As so modified, said order is affirmed. Appeal by defendant Speizman from said order dismissed, without costs. Second above-mentioned order reversed and motion granted. Appellants are allowed a single bill of $10 costs and disbursements. Since this determination leaves no causes remaining as against defendants

Universal Knitting Machines Corp. and Speizman Knitting Machine Co., so that they would be entitled to judgment dismissing the action as against them, the action as against them is severed. The contract which plaintiffs claim has been breached is one by which appellant Universal Machinenfabrik GMBH (hereafter called Machinenfabrik) in October, 1961 appointed plaintiffs as its exclusive sales agents in the United States and Canada for a period ending October 31, 1964. Plaintiffs (or some of them) had been serving as such agents under a written contract made in 1956 for a term ending May 31, 1961 but which was to continue thereafter subject to termination on three months' notice. In June, 1963, Machinenfabrik, purporting to act on the theory that the operative agency agreement was the 1956 document, gave notice of termination effective September 30, 1963. The alleged 1961 agreement does not satisfy the requirements of the Statute of Frauds and, therefore, is void (General Obligations Law, § 5-701, subd. 1, formerly Personal Property Law, § 31, subd. 1). The written memorandum on which plaintiffs rely was not "subscribed" by any of the parties charged therewith by plaintiffs, as required by the statute. The scrawl at the top of the memorandum, which plaintiffs claim is the initials of Machinenfabrik's principal officer, is inefficient for the purpose. The subscription which the statute demands is a writing at the end of the memorandum (*Davis* v. *Shields,* 26 Wend. 341; *James* v. *Patten,* 6 N. Y. 9; *300 West End Ave. Corp.* v. *Warner,* 250 N. Y. 221). This statutory requirement should not be confused with the requirement applicable to a required writing concerning a sale of goods, which is that the writing be "signed" (Uniform Commercial Code, § 2-201, subd. [1]). Further, the memorandum does not satisfy the requirement that it "must include all the terms of the completed contract" (*Poel* v. *Brunswick-Balke-Collender Co.,* 216 N. Y. 310, 314). "An incomplete writing may not be supplemented by testimony of oral promises omitted from the writing" (*Stulsaft* v. *Mercer Tube & Mfg. Co.,* 288 N. Y. 255, 258). The memorandum acknowledges that a certain corporation is the property of defendant Machinenfabrik but continues that the latter shall not use it for competitive purposes (apparently against plaintiffs) "as long as were [*sic*] are agents on the new 3 year contract." This is patently insufficient and it does not purport to contain a reference to the 1956 agreement for the purpose of any incorporation of the terms of that agreement (see *Drake* v. *Seaman,* 97 N. Y. 230, 237). Accordingly, the first and second causes, which are for breach of the alleged 1961 agreement, should be dismissed. Since that agreement is being struck down as void, no cause for inducement to breach it lies and, therefore, the fourth cause should also be dismissed (*Warner Bros. Pictures* v. *Simon,* 21 A D 2d 863, affd. 15 N Y 2d 836; *Dung* v. *Parker,* 52 N. Y. 494). Determination of the third cause must await trial. It is alleged therein that Machinenfabrik and its principal officer "falsely and fraudulently stated to plaintiffs that they would be the sole and exclusive sales agents to October 31, 1964," and that Machinenfabrik "would not compete with plaintiffs during the period thereof," etc.; and that plaintiff expended a large sum of money in reliance theeron. The misrepresentations, as alleged, were statements of a present intention as distinguished from expressions of future expectation; proof of the agency agreement is not essential to maintain this cause; it is the false statement of intention with respect to the relations between the concerned parties that is actionable, and that is not changed by the fact that this relationship involves an agreement which is unenforcible (*Channel Master Corp.* v. *Aluminium, Ltd.,* 4 N Y 2d 403). *Redlark Realty Corp.* v. *Minkin* (306 N. Y. 762) and *Subirana* v. *Munds* (282 N. Y. 726) are distinguishable. The statements which were claimed therein

to constitute the misrepresentations were themselves the promises to enter into contractual obligations which were within the Statute of Frauds. Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.