with $10 costs. There was no sufficient showing that the testimony of the witness is "material and necessary in the prosecution" of the action; nor is there a proper factual showing that the witness is "about to depart from the state" or that there exists other "adequate special circumstances" for the taking of his testimony in advance of the trial. (See CPLR 3101.) The plaintiffs admittedly have obtained a written, signed statement from the witness with respect to the accident which is the basis of this action. A good faith showing of the materiality of his testimony would require the disclosure of the contents of such statement, but the plaintiffs, though ordered to do so, have refused to disclose the same. Furthermore, for all that appears, said witness has fully co-operated with the plaintiffs' attorneys and will be available to them on the trial; it does not appear that he is "reluctant, unwilling, or hostile" to plaintiffs' cause. (See 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.31.) Concur — Breitel, J. P., Valente, McNally, Eager and Staley, JJ.

■ COMMERCIAL CREDIT CORPORATION, Appellant, v. LAFAYETTE LINCOLN-MERCURY, INC., et al., Defendants, and LOUIS MINTZ, Respondent.— Order and judgment entered respectively on July 6, 1965 and July 13, 1965, dismissing the complaint as against defendant Louis Mintz, for failure to prosecute, unanimously affirmed, with $50 costs to respondent. (See *Roberts* v. *New York Post Corp.*, 24 A D 2d 714.) Concur — Breitel, J. P., Valente, McNally, Eager and Staley, JJ.

■ In the Matter of EVERETT COLBY, JR., an Alleged Incompetent Person. EDITH C. GRAFMUELLER, Appellant; VINCENT J. MALONE et al., Respondents. — Order entered July 1, 1965 directing that Vincent J. Malone be appointed committee of the property of Everett Colby, Jr., in place of the Bank of New York as provided for in the proposed order submitted by the petitioner herein and which further fixed the bond of Vincent J. Malone as such committee in the sum of $150,000, and the order entered September 23, 1965 which reaffirmed the aforesaid order, unanimously modified, on the law and on the facts and, in the exercise of discretion, by substituting the United States Trust Company of New York as sole committee of the property of said incompetent, an institution exempt by law, from having to execute and file a bond and, as so modified, otherwise affirmed, with $30 costs and disbursements to the petitioner payable out of the property of the incompetent. On February 4, 1965 petitioner, Edith Colby Grafmueller, one of two surviving sisters of Everett Colby, Jr., petitioned to have him declared incompetent and to have herself declared committee of his person and the Bank of New York declared committee of his property. Anne Colby Vanderbilt, the sole heir at law and next of kin and distributee of Everett Colby, Jr., other than petitioner, consented to the appointment of the proposed committees. On May 25, 1965 after a hearing, a Sheriff's jury found Everett Colby, Jr., incompetent to handle himself and his affairs by reason of lunacy. It is our opinion that the request of the petitioner and her sister for the appointment of either the Bank of New York or the United States Trust Company of New York as committee of the property of the said incompetent was a reasonable request and, in the interest of economy and sound discretion, the court directs the appointment of the United States Trust Company of New York as committee of the property of Everett Colby, Jr. (*Matter of Rothman*, 263 N. Y. 31; *Matter of Dietz*, 247 App. Div. 366; *Matter of Rice*, 22 A D 2d 339). Concur — Breitel, J. P., Valente, McNally, Eager and Staley, JJ.

■ AMERICAN BROADCASTING-PARAMOUNT THEATRES, INC., Respondent, v. AMERICAN MFRS. MUTUAL INSURANCE Co. et al., Doing Business under the Name of THE KEMPER INSURANCE COMPANIES, Appellants.— Judgment unanimously affirmed, with $50 costs to respondent, on the opinion of Mr. Justice

GELLER at Special and Trial Term. Concur — Breitel, J. P., Rabin, Valente, Eager and Steuer, JJ. [48 Misc 2d 397.]

STANDARD COAT, APRON & LINEN SERVICE, INC., Respondent-Appellant, v. PHILIP LAGANA, Appellant, and ARROW LINEN SUPPLY CO., INC., Respondent.— Order, entered on October 11, 1965, granting injunction *pendente lite*, unanimously reversed on the law and the facts, with $30 costs and disbursements to defendant-appellant and the motion for injunction denied. Plaintiff seeks an injunction *pendente lite* in an action for a permanent injunction. Defendant is a former employee of the plaintiff. Employment was pursuant to a written contract containing a restrictive covenant. It is elementary that an injunction in advance of trial should not issue unless a clear right is shown both factually and legally (*Premier Laundry* v. *Klein,* 273 App. Div. 946). The affidavits raise a clear issue as to whether defendant did solicit any of plaintiff's customers. Furthermore, while the temporary injunction sought appears to be within permissible limits, the covenant itself may not be. The question is whether it is broader than the legitimate interest sought to be protected (*Paramount Pad Co.* v. *Baumrind,* 4 N Y 2d 393). On this question — a mixed one of law and fact — the proof is not so free from doubt as to establish a clear right. Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, Stevens and Steuer, JJ.

## (November 26, 1965)

JOHN A. STEPHEN, Formerly Known as HANS AUGSTEIN, et al., Plaintiffs, v. ZIVNOSTENSKA BANKA, NATIONAL CORPORATION, Defendant, EDWIN B. WOLCHOK, as Permanent Receiver, Respondent, and ALEXANDER SLATER et al., Appellants. JOHN A. STEPHEN, Formerly Known as HANS AUGSTEIN, et al., Plaintiffs, v. ZIVNOSTENSKA BANKA, NATIONAL CORPORATION, Defendant, KITTY HECHT et al., Appellants, and EDWIN B. WOLCHOK, Receiver-Respondent.— Order entered on July 22, 1965, as amended by order entered on September 21, 1965, granting interim allowances and appointing Referee to take the interim account of the permanent receiver unanimously reversed on the law and the facts and in the exercise of discretion, without costs or disbursements to any party, and the matter remitted to Special Term for the entry of an order in accord with this memorandum. The matter before the court is the liquidation of the assets in New York of defendant, a foreign banking institution. A temporary receivership pursuant to then section 977-b of the Civil Practice Act was directed in May, 1952. In July, 1956 the receivership was made permanent. In July, 1958 Henry Shuman was appointed Referee to pass on claims to securities and funds held by New York banks for defendant. The hearings were extensive and embraced many questions of law. The report of the Referee was confirmed after several appeals. However, in the 13 years that have elapsed since the institution of this proceeding, no creditor has been paid, nor has his claim been adjudicated. We believe that this receivership has extended an inordinate length of time and should wind up with as great expedition as is consistent with resolution of the questions involved. Under these circumstances the appointment of a new Referee, while probably not technically objectionable, was an abuse of discretion. The Referee originally appointed has become familiar with the questions involved and should be best equipped to make a prompt disposition of the matter. We so indicated on the hearing of a prior appeal herein. No positive direction was given because at that time it was not known whether there was any objection to the original Referee. We further believe that the withholding of all interim fees in this matter will have a salutary effect on the expedition with which it will reach a