■ HYMEN ROSEN et al., Doing Business as ROSEN BROS., Respondents, v. SAMUEL GREENFIELD COMPANY, INC., Appellant.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Cortland County, in favor of respondents entered upon a verdict and from an order of the same court denying appellant's motion for a directed verdict or a new trial. Involved is an action in which respondents seek a recovery for services rendered between October 9, 1963 and September 29, 1964 in picking up scrap aluminum from the Marathon Division of Grumman Allied Industries and holding the same at their Cortland yard pending periodic pickup by the appellant for shipment to Buffalo. Although the dispute between the parties centered on whether the agreed rate was $30 or $15 per ton, appellant also contended that even if $30 per ton was the rate

contracted for, respondents could not in any event recover at that rate because the alleged contract was oral and could not be performed within a year of its making (General Obligation Law, § 5-701). Moreover, since the respondents for some reason voluntarily precluded themselves from recovery on the theory of *quantum meruit,* the recovery is thus only sustainable if the Statute of Frauds is not here applicable. While respondents urge in their brief that the contract was not for a year's duration, they conceded at the trial and the Trial Judge apparently found without exception that the contract was made prior to October 1, 1963. Thus more than a year is involved from the date of the making of the contract until its expiration and the statute is therefore applicable to it (*Goldberg* v. *Markel,* 207 App. Div. 752; 6 N. Y. Contracts Law, § 602). Nor even assuming it could be so found, would the fact that respondents had fully performed their side of the obligation remove the oral contract from the application of the Statute of Frauds. Both sides must be capable of performing their obligations within one year (*Tyler* v. *Windels,* 186 App. Div. 698, affd. 227 N. Y. 589). The respondents urge, however, that the trial court's denial of the applicability of the Statute of Frauds was justified on the ground that the agreement was a contract at will (see, e.g., *Zupan* v. *Blumberg,* 2 N Y 2d 547; *Nat Nal Serv. Stations* v. *Wolf,* 304 N. Y. 332; *Mar-Bond Beverage Corp.* v. *Dublin,* 9 A D 2d 951, mot. for rearg. and mot. for lv. to app. den. 10 A D 2d 722; 6 N. Y. Contracts Law, § 605). But this would be so only if " performance depended solely upon the will and desires of the two parties and could rightfully be terminated at any time by either of them." (*Zupan* v. *Blumberg, supra,* p. 552; *Nat Nal Serv. Stations* v. *Wolf, supra.*) The fact that a contract could be terminated within the period by a breach of a party would not remove it from the statute (*Zupan* v. *Blumberg, supra,* p. 552). " The possibility of such wrongful termination is not, of course, the same as the possibility of performance within the statutory period." (*Zupan* v. *Blumberg, supra,* p. 552.) The critical question is thus whether the instant contract could have been terminated *as a matter of right* under an option reserved by the parties (*Blake* v. *Voigt,* 134 N. Y. 69, 71-72; *Martocci* v. *Greater New York Brewery,* 301 N. Y. 57; *Cohen* v. *Gartgis Bros. Co.,* 264 App. Div. 260, affd. 289 N. Y. 846). We do not believe so. Rosen testified only that the agreement contained a " stipulation that it would be to Mr. Maxwell's satisfaction and also Mr. Greenfield's." This clearly did not give the parties an option to terminate the agreement as a matter of right. Nor does the record substantiate respondents' claim that there was, in fact, no binding agreement but rather a quotation by Rosen and an informal commitment to honor it or that there was a series of separate agreements for each pickup such as we found in *Nat Nal Serv. Stations* v. *Wolf* (*supra*). We, therefore, can find no basis upon which the Statute of Frauds would not be applicable upon the proof in the present record and accordingly the judgment and order appealed from must be reversed. On the new trial, plaintiffs may, of course, attempt to develop their theory of a contract modification after October 1, 1963 or elect to rely on *quantum meruit* or invoke such other appropriate remedy or procedure as they may be advised. Judgment and order reversed, on the law and the facts, and a new trial ordered, with costs, to abide the event.— Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.