**Frank L. GRISSMAN, Plaintiff,**

v.

**UNION CARBIDE CORP., and Irving S. Cooper, Defendants.**

**No. 63 Civ. 879.**

United States District Court
S. D. New York.

Dec. 20, 1967.

On Rehearing Feb. 7, 1968.

**414**

Harold Halpern, Philip Gelfand, New York City, for plaintiff.

Kelley, Drye, Newhall, Maginnes & Warren, New York City, for defendant Union Carbide Corporation, Robert Ehrenbard, Steven J. Stein, New York City, of counsel.

Sullivan & Cromwell, New York City, for defendant Irving S. Cooper, William E. Willis, Robert P. Borsody, New York City, of counsel.

## OPINION

HERLANDS, District Judge:

Three motions are before the Court: (1) a motion by defendant Union Carbide, under Fed.R.Civ.P. 56(e), based upon the Statute of Frauds, for summary judgment as to the first cause of action (in which Union Carbide is the sole defendant); (2) a motion by defendant Cooper, based upon the Statute of Frauds, for summary judgment as to the second cause of action (in which Cooper is the sole defendant); and (3) a motion, which is actually a branch of the second motion, by Cooper, pursuant to Fed.R.Civ.P. 12(b), to dismiss the third cause of action (in which Cooper and Union Carbide are defendants) for failure to state a claim upon which relief can be granted.

The action was commenced in this Court on March 28, 1963. The complaint pleads three causes of action: (1) that Union Carbide breached an agreement to appoint plaintiff as exclusive distributor of a certain cryogenic system and to pay plaintiff 10% commission on sales of these units "for a period of ten (10) years, or for the life of the patent to be applied for by plaintiff in connection with said cryogenic system, whichever period was longer" (Complaint, paragraph 4); (2) that Cooper breached an agreement to allow plaintiff to retain all rights, patents and direct financial benefit from the sale of any machines developed by or with the assistance of plaintiff and also to assist him in promoting sales of these machines (Complaint, paragraph 11); and (3) that Cooper and Union Carbide conspired to dishonor their contracts with plaintiff (Complaint, paragraphs 16, 17).

In answers served by Union Carbide on May 13, 1963 and by Cooper on June 5, 1963, defendants pleaded the Statute of Frauds as a complete defense on the ground that the alleged agreements could not be performed within one year and were not evidenced by any writing signed by the party to be charged or its agent.

On February 5, 1965, the case was placed on the trial calendar, subject to the completion of discovery proceedings. Thereafter, extensive discovery proceedings—including depositions of the parties and non-party witnesses and the propounding of written interrogatories—were completed. On October 15, 1966, counsel signed a pre-trial order.

## I.

*Union Carbide's Motion For Summary Judgment*

■ Claiming that the agreement alleged in the first cause of action is barred by the Statute of Frauds, Union Carbide relies upon the pleadings, the deposition of plaintiff taken by defendants, plaintiff's answers to Cooper's interrogatories, and the pre-trial order. In addition, Union Carbide's attorney has submitted a moving affidavit. Plaintiff's attorney has filed an opposing affidavit. Because neither of these attorneys' affidavits is made on personal knowledge, they possess no probative value for purposes of this motion.

Pursuant to Rule 9(g) of the General Rules of United States District Courts for the Southern and Eastern Districts of New York, Union Carbide has submitted a statement of the material facts as to which it contends "there is no genuine issue to be tried."

■ Inasmuch as plaintiff has not filed a statement as required by Rule 9(g), the material facts set forth in defendant's statement "will be deemed to be admitted."

■ In its Rule 9(g) statement, Union Carbide states there is no genuine issue to be tried as to the following material facts: (1) the agreement alleged in the first cause of action is not embodied in any writing subscribed by Union Carbide or its agent; (2) no performance of any of the terms of the agreement has been undertaken by Union Carbide; (3) all alleged oral conversations and negotiations took place in the State of New York; and (4) the terms of the agreement alleged in plaintiff's first cause of action are as follows: that in consideration for plaintiff's idea, know-how and advice, defendant agreed to appoint plaintiff as exclusive distributor of cryogenic devices and pay him 10% commission on all sales "for a period of ten years, or for the life of the patent which plaintiff was to apply for *whichever period was longer.*" (emphasis added.)

An examination of the pleadings, the pre-trial order, the depositions and the interrogatories demonstrates that there is no genuine issue of material fact to be resolved at a plenary trial. The Court concludes that the alleged agreement is barred by the New York Statute of Frauds. N.Y.General Obligations Law, McKinney's Consol. Laws, c. 24–A, § 5–701.

The alleged agreement has a duration of at least ten years. Indeed, if plaintiff were to secure a patent on the cryogenic device, the agreement would extend for an even longer period. By the very terms which plaintiff ascribes to the agreement, it cannot "be performed within one year from the making thereof". N.Y.General Obligations Law, § 5–701(1), and consequently comes within the New York Statute of Frauds. Nurnberg v. Dwork, 12 A.D.2d 612, 208 N.Y.S. 2d 799 (1st Dep't. 1960), aff'd mem. 12 N.Y.2d 776, 234 N.Y.S.2d 721, 186 N.E. 2d 568 (1962); Perrin v. Pearlstein, 314 F.2d 863 (2d Cir. 1963); Ginsberg Machine Co. v. J & H Label Processing Corp., 341 F.2d 825 (2d Cir. 1965).

■ Plaintiff, however, argues that the agreement can possibly be performed within one year because it is subject to defendant's decision to manufacture and market the cryogenic unit. [Plaintiff's Answer Number (1) to Defendant Cooper's Interrogatories]. He contends that the agreement can be performed within one year because Union Carbide either may never decide to manufacture or may manufacture only for a period of less than one year.

■ Plaintiff's argument is unsound. The existence of a contingency or condition precedent to the imposition of liability does not remove a contract from the bar of the Statute of Frauds. Nurnberg v. Dwork, supra; Martocci v. Greater New York Brewery, 301 N.Y. 57, 92 N.E.2d 887 (1950); Hanrihan v. Parker, 19 Misc.2d 467, 192 N.Y.S.2d 2 (Sup.Ct.N.Y.1959). The principle exemplified by the New York decisions is that continuance of liability is the controlling factor in determining whether a contract can be performed within one year. In the present case, the asserted contract imposes a continuing liability upon Union Carbide for a minimum period of ten years.

Because the agreement is not one which can be performed within one year, it must be evidenced by some memorandum or writing signed by Union Carbide or its agent in order to satisfy the Statute of Frauds. N.Y.General Obligations Law, § 5–701. The record fails to disclose the existence of such a writing. In his pretrial deposition, plaintiff testified that he "did not have a written agreement with Union Carbide." (Transcript of plaintiff's deposition taken by defendant Cooper, p. 105). Moreover, Union Carbide's Rule 9(g) statement, which is uncontroverted by plaintiff and therefore admitted, declares that the alleged agreement "is not embodied in any note, memoranda or other writing which has been subscribed by defendant Union Carbide or any lawful agent thereof."

■ Nor has there been such performance as to take the agreement out of the Statute of Frauds. Under New York law, full performance by both parties is necessary to take an agreement out of the Statute of Frauds. Tyler v. Windels, 186 App.Div. 698, 174 N.Y.S. 762 (1st Dept.), aff'd mem. 227 N.Y. 589, 125 N.E. 926 (1919); Rosen v. Samuel Greenfield Co., 25 A.D.2d 802, 269 N.Y.S.2d 358 (3d Dept. 1966). In the present case, plaintiff has conceded (in paragraph 6 of his complaint) that there has been no performance by defendant Union Carbide. In addition, Union Carbide's uncontradicted Rule 9(g) statement declares that it "did not at any time enter into the performance of any conditions on its part to be performed under the alleged agreement * * *."

For the reasons stated, defendant Union Carbide's motion for summary judgment on the first cause of action is granted. So ordered.

## II.

*Cooper's Motion For Summary Judgment On The Second Cause of Action*

Cooper moves for summary judgment on the ground that the agreement alleged in the second cause of action cannot, by its terms, "be performed within one year from the making thereof" and, because it is not evidenced by a writing subscribed by defendant or his agent, it is barred by the New York Statute of

Frauds. N.Y. General Obligations Law, § 5–701(1).

Cooper has filed, pursuant to Rule 9(g) of this Court, a statement of material facts as to which "there is no genuine issue to be tried." Since there is no corresponding Rule 9(g) statement by plaintiff, the facts stated by Cooper are "deemed to be admitted".

The Rule 9(g) statement filed by Cooper declares there is no genuine issue to be tried as to the following material facts: (1) the agreement alleged in the second cause of action is not embodied in any writing signed by Cooper or his agent; (2) all alleged oral communications and negotiations occurred in the State of New York; (3) Cooper has not performed any part of the alleged agreement; (4) the terms of the agreement alleged in plaintiff's second cause of action are as follows: in consideration for assisting Cooper to develop a cryosurgical device, defendant "promised to permit plaintiff to commercially exploit said device, that all rights, patents and direct financial benefit from the sale of any machines or equipment made or developed by plaintiff or with his assistance were to belong to plaintiff and that Dr. Cooper would assist plaintiff in promoting sales of said device"; and (5) the duration of this agreement was to be co-extensive with the agreement between plaintiff and Union Carbide alleged in the first cause of action—that is, ten years or the life of a patent for which plaintiff was to apply, whichever period is longer.

The agreement alleged in the second cause of action is not one which can be performed within one year from its making. On the admitted facts set forth in Cooper's 9(g) statement, he is obligated to assist plaintiff for a period of at least ten years in promoting the sales of any cryosurgical device which they develop. Plaintiff testified at his pre-trial examination that no limit was placed on the length of time which defendant would assist in the sale and distribution of the cryogenic device. (Transcript of plaintiff's deposition taken by defendant Cooper, pp. 154–155). In either case, the agreement imposes a continuing obligation on Cooper, which cannot be performed within one year. See, e. g., Nurnberg v. Dwork, supra; Cohen v. Bartgis Bros. Co., 264 App.Div. 260, 261, 35 N.Y.S.2d 206 (1st Dep't. 1942), aff'd mem., 289 N.Y. 846, 47 N.E.2d 443 (1943).

█ Since it is clear that the agreement pleaded in the second cause of action is indivisible, the entire contract is within the Statute of Frauds. De-Beerski v. Paige, 36 N.Y. 537, 539 (1867); Markey v. Kelly, 10 A.D.2d 650, 651 (2d Dep't. 1960); Tobias v. Steinberg, 204 Misc. 164, 115 N.Y.S.2d 164, 166 (Sup.Ct. Kings Co. 1952).

█ There being no writing subscribed by Cooper or his agent evidencing the alleged agreement (Plaintiff's Answer to Interrogatory 5(a) propounded by defendant Cooper) and no performance by defendant of any part of the agreement (Complaint, paragraph 14), the agreement is barred by the Statute of Frauds. N.Y. General Obligations Law, § 5–701.

As there is no genuine issue of material fact to be tried, defendant Cooper's motion for summary judgment on the second cause of action is hereby granted. So ordered.

### III.

*Cooper's Motion To Dismiss The Third Cause of Action*

Defendant argues that the third cause of action should be dismissed for the reason that it fails to state a claim upon which relief can be granted. We do not agree. Construed liberally, the complaint states a valid claim against both defendants for inducing breach of contractual relations. Cf. Dioguardi v. Durning, 139 F.2d 774 (2d Cir. 1944). Stripped of surplusage, the third cause of action alleges that each defendant induced the other to breach its respective agreement with plaintiff.

The circumstance that this Court is hereby granting summary judgment as

to the first and second causes of action cannot serve as a predicate for the dismissal of the third cause. A claim based upon defendants' tortious inducement of a breach of contractual relations is legally sufficient despite the voidability of the breached agreement under the Statute of Frauds. Rice v. Manley, 66 N.Y. 82 (1876); Warner Bros. Pictures, Inc. v. Simon, 39 Misc.2d 853, 241 N.Y.S.2d 914 (Sup.Ct. N.Y. Co. 1963). Cf. Cosmopolitan Film Distrib. v. Feuchtwanger Corp., 226 N.Y.S.2d 584, 590–591 (Sup.Ct. N.Y. Co. 1962).

Defendant Cooper's motion to dismiss the third cause of action is hereby denied. So ordered.

### On Reargument.

HERLANDS, District Judge:

Defendant Cooper moves for reargument of that part of the Court's opinion, filed December 20, 1967, which denied his motion to dismiss plaintiff's third cause of action.

In support of the motion for reargument, defendant's counsel has submitted a nine page memorandum. Plaintiff's counsel has submitted a three page memorandum in opposition to the motion for reargument. In addition, counsel for defendant Union Carbide (a non-moving party with respect to the third cause of action) has submitted a nine page memorandum at the request of the Court. These memoranda and the original motion papers have received the careful consideration of the Court.

The Court's attention has now been called to the case of Steinberg v. Universal Machinenfabrik GMBH, 24 A.D. 2d 886, 264 N.Y.S.2d 757 (2d Dep't) (per curiam mem.) aff'd mem. 18 N.Y.2d 943, 277 N.Y.S.2d 142, 223 N.E.2d 567 (1966), not previously cited by counsel. Indeed, the question of whether there can be a cause of action for inducing breach of a contract barred by the Statute of Frauds was not previously raised by counsel either in their memoranda or on oral argument.

The Court's independent research discloses a split among the authorities on the question of whether a contract unenforceable because of the Statute of Frauds can serve as the basis for a tort action when a third party interferes with its performance. See W. Prosser, Torts 955–956 (3d ed. 1964). The majority, and arguably better, rule allows a cause of action in such circumstances. See, e. g. Royal Realty Co. v. Levin, 244 Minn. 288, 69 N.W.2d 667 (1955); McCue v. Deppert, 21 N.J.Super. 591, 91 A.2d 503 (1952).

The Court cannot, with certitude, pronounce the New York Law applicable to this situation. What Chief Judge Lumbard said in Cornellier v. American Casualty Company, 389 F.2d 641, 644, n. 3 (2d Cir. January 19, 1968) is apposite:

"The need for us to divine state law in this situation makes most attractive the Uniform Certification of Question of Law Act, under which a federal court can certify a question of state law to the highest court of the state. The Act was approved by the American Bar Association in August 1967. See 53 A.B.A.J. 976 (1967). Similar statutes have already been enacted in four states: Florida, Hawaii, Maine, and Washington."

However, in the absence of a certification procedure, we are called upon to predict what a New York court would do as best we can. We are not free to substitute our independent judgment as to what the better rule should be. Rather, it is necessary to apply New York Law to the extent that it is ascertainable.

Upon reexamination of New York law, it is our opinion that New York would not allow a cause of action for inducing breach of contractual relations where the underlying contract has been held to be unenforceable because of the Statute of Frauds. Steinberg v. Universal Machinenfabrik GMBH, 24 A. D.2d 886 (2d Dep't) (per curiam mem.) aff'd mem. 18 N.Y.2d 943, 277 N.Y.S.2d 142, 223 N.E.2d 567 (1966). Accord: Warner Bros. Pictures, Inc. v. Simon, 21 A.D.2d 863, 251 N.Y.S.2d 70 (1st Dep't)

(per curiam mem.), aff'd mem. 15 N.Y. 2d 836, 257 N.Y.S.2d 947, 205 N.E.2d 869 (1965).

Accordingly, the motion for reargument is granted and the original decision sustaining the third cause of action is withdrawn. Defendant Cooper's motion is granted to dismiss the third cause of action for failure to state a claim upon which relief can be granted.

So ordered.