■ SHIRLEY POLYKOFF ADVERTISING, INC., Respondent, v HOUBIGANT, INC., Appellant.—Order, Supreme Court, New York County, entered on August 11, 1976, affirmed for the reasons stated by Saypol, J., at Special Term. Respondent shall recover of appellant $60 costs and disbursements of this appeal. Concur—Birns, Lane and Markewich, JJ.; Lupiano, J. P., dissents in the following memorandum: Plaintiff alleges in a verified complaint that "On * * * April 4, 1974, [it] was retained by defendant to conceive and produce a second T.V. television advertisement (hereinafter referred to as 'commercial') for defendant's product, Chantilly Perfume. Defendant agreed to pay plaintiff for its services the sum of $30,000 for a new thirty second and sixty second version of the concept 'He touched me' plus $5,000 for revisions on the 1973 version of the commercial originally conceived by plaintiff. There was to be an additional charge of $5,000 per annum for the continued use of the theme in newspapers and magazines (hereinafter referred to as 'print media')." It is further alleged that defendant utilized said commercial in print media in 1974 and on this basis plaintiff seeks to recover $5,000. Defendant, in its verified answer "admits having retained plaintiff to produce and revise a television advertisement, for which plaintiff was paid all sums due in full". With respect to plaintiff's contract claim for $5,000, defendant asserts as an affirmative defense the bar of the Statute of Frauds. It is undisputed that the only writing embodying the agreement of the parties is a letter signed by defendant's president, addressed to plaintiff, dated January 15, 1974, which relates to the production of a television commercial for defendant for 1974 and revision of the 1973 commercial. Nothing is contained in this letter relevant to an alleged agreement on defendant's part to continue payments of $5,000 per annum to plaintiff for use of the commercial in the print media. Plaintiff apparently sought, without success, to obtain a retainer from defendant rather than working on a project-to-project basis. By letter dated November 21, 1974, directed to defendant, plaintiff declared: "These are the rules under which we operate. In television, the cost of concept is negotiated at the beginning of the project. This cost covers the use for one year only * * * Agency is responsible for the execution and completion of the work. Use in print, display or radio of any copy line or visualization from the television commercial is an additional $5,000 each year. Please sign this letter". Defendant did not sign

the letter which would have demonstrated its agreement to these terms, but rejected the plaintiff's request (by letter dated December 4, 1974) as one for the equivalent of residuals. It was defendant's view that plaintiff was engaged on a commercial project by commercial project basis. Plaintiff's president in an affidavit in opposition to defendant's motion for summary judgment declared in relevant part that "This is an action based on an oral agreement whereby defendant agreed to pay plaintiff $5,000 per year for the use of the theme, 'He Touched Me', in print media * * * as a result of my dealings with [defendant], I was led to believe and did believe that my company would be paid $5,000 for each year the theme * * * was used in the print media * * * Throughout my relationship with [defendant] I constantly tried to have that company pay a retainer * * * I was unable to come to any agreement on the retainer and, therefore, I was led to believe that other arrangements would be substituted, including the payment of the $5,000 fee for use of the theme in the print media * * * It is the standard practice in the advertising business to compensate an agency in some way for the continued use of its theme". The major and narrow issue presented on this appeal is whether the alleged oral agreement relied on by plaintiff is one capable of performance within one year and, therefore, outside the Statute of Frauds (General Obligations Law, § 5-701, subd 1). As the agreement is not capable of performance within one year, the Statute of Frauds bars plaintiff's claim in contract. In *North Shore Bottling v Schmidt & Sons* (22 NY2d 171, 178), the Court of Appeals aptly noted that in cases involving "service" contracts of "indefinite duration", the plaintiff was seeking commissions in perpetuity under circumstances where there was no continuing performance on the part of the plaintiff, the plaintiff's part of the agreement having been completely performed and that such agreements did not contemplate the possibility of termination by either contracting party. In such situations, it was held that the Statute of Frauds applies. The instant oral agreement relied on by plaintiff is analogous to the "service" contracts in that it was a "one shot" affair on plaintiff's part with no continuing duty of performance and in return for a single service, plaintiff was to receive $5,000 for each year, without limitation, in which defendant used the result of that service in the print media. In *Nurnberg v Dwork* (12 AD2d 612, affd 12 NY2d 776), which involved an action upon an oral agreement whereby plaintiff was to negotiate for the operation of retail outlets in certain stores and the defendants were to pay to the plaintiff 1% of the gross retail sales of the defendants in said stores, this court observed that the underlying agreement obligated defendants to pay 1% of the gross sales if at any future time they establish concessions at said stores, so long as the concessions are maintained by the defendants. Accordingly, it was concluded that the agreement was within the Statute of Frauds (see, also, *North Shore Bottling v Schmidt & Sons,* 22 NY2d 171, 178–179, *supra* ). Here, plaintiff has no continuing duty of performance and performed a single service, to wit, the development of the slogan to be used in connection with defendant's product. On the basis of the alleged oral agreement, plaintiff claims that it is to receive $5,000 per year for each year in which said slogan is used in the print media, which period is of indefinite duration. Also, the terms of the oral agreement here do not include an event which might end the contractual relationship of the parties within a year as in *North Shore Bottling* wherein the parties contemplated two possibilities—a long-term distributorship in the plaintiff or a termination should the defendant decide to discontinue beer sales in the New York area. The first contingency is not, in the ordinary course, performable within a year, the second is. The existence

of one of two contingencies performable within a year is sufficient to take the case out of the Statute of Frauds. However, here, both contingencies are not performable within a year. In the first instance, plaintiff would have to wait for the period of a year to expire in order to determine whether it was entitled to moneys because if defendant did not use the slogan in the print media within that year, upon expiration of the year no right would accrue to plaintiff to claim $5,000 for that year. Further, if defendant did use the slogan in the print media within that year's period, then plaintiff would claim $5,000 for such year, but the one underlying agreement would not be terminated thereby because plaintiff would be able to claim $5,000 payments for any future years in which defendant utilized the slogan in the print media. In conclusion, it is pointed out that sufficient has been demonstrated to warrant affording to plaintiff the opportunity to serve an amended complaint alleging whatever other causes of action plaintiff may wish to assert, if so advised. The order of the Supreme Court, New York County, entered August 11, 1976, granting plaintiff's motion to strike defendant's answer unless defendant's president is produced for examination before trial and denying defendant's cross motion for summary judgment based upon the defense of the Statute of Frauds, should be reversed, on the law, with costs and disbursements; the defendant's cross motion should be granted without prejudice to plaintiff, if so advised, serving an amended complaint and plaintiff's motion should be denied as academic.