494 F.Supp. 124 (1980)
OPPENHEIMER GATEWAY PROPERTIES INC. et al., Plaintiffs,
v.
NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), Defendant.
NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK)
v.
12.65 ACRES OF LAND IN the CITY OF ST. LOUIS, STATE OF MISSOURI et al., Defendants.
Nos. 78-60C(1), 78-83C(1).
United States District Court, E. D. Missouri, E. D.
June 20, 1980.
*125 Henry D. Menghini, Evans & Dixon, St. Louis, Mo., for plaintiffs.
G. Lane Roberts, J. Richard McEachern, Guilfoil, Symington, Petzall & Shoemake, St. Louis, Mo., for defendant.

MEMORANDUM
WANGELIN, District Judge.
This matter is before the Court upon defendant Amtrak's motion to dismiss plaintiff's amended complaint in Case No. 78-60 C (1) for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.
This is a diversity action for breach of contract, with jurisdiction based on 28 U.S.C. § 1332(a). By Order of this Court dated March 24, 1978, defendant's motion to dismiss plaintiffs' original complaint for failure to state a claim was denied. At that time the Court found that part performance was not adequately alleged in the complaint but found the initials on the contract attached as an exhibit to the complaint sufficient to raise a factual issue as to execution of the agreement in question.
A motion to dismiss for failure to state a claim should only be granted where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957).
A complaint is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure when its allegations indicate the existence of an affirmative defense such as the statute of frauds. See 5 Wright & Miller, Federal Practice and Procedure, § 1357, pp. 605-608 (1969).
Viewing plaintiff's complaint in the light most favorable to it, the facts provable under plaintiff's complaint might be said to invoke the following legal theories and doctrines.
First, plaintiffs might be proceeding on the contract. However, paragraphs 6 and 9 of plaintiffs' complaint state that "[a] copy of the terms and conditions agreed upon and to be signed upon giving of such assurance is attached hereto as exhibit B and incorporated by reference herein . . . [and] . . . defendant . . . has . . . refused to sign the contract . ." (emphasis added). Exhibit B is the contract referred to in the March 24, 1978 Order of this Court as raising a factual issue of execution. Plaintiffs have now admitted exhibit B was not executed.
Furthermore, plaintiffs' allegations would not support the theory of a binding oral agreement upon essential terms with the intention to subsequently execute a formal memorialization of the agreement. At ¶ 6 of their amended complaint plaintiffs allege that:
On September 30, 1978 plaintiff predecessor in interest Union Center Venture and defendant entered into a written agreement. The terms of said agreement were that Union Center Venture and defendant agreed upon all terms and conditions to construct an AMTRAK Passenger Station in St. Louis . . . and that said contract would be signed upon assurance to AMTRAK that a performance bond would be readily available.
These allegations cannot be read as an agreement that a formal document would be prepared to merely memorialize a bargain the parties had already made since manifestly, plaintiffs' allegations show that execution of the contract was contingent upon the giving of assurances.
In any event, the "formal memorialization" cases concern only whether the parties *126 had in fact reached an agreement and intended to be bound at a point in time short of a formal signing, and not whether the oral agreements or informal memoranda were sufficient to satisfy the requirements of the statute of frauds. See Lambert Corp. v. Evans, 575 F.2d 132, 135 (7th Cir. 1978); Leach v. Crucible Center Co., 388 F.2d 176, 180 (1st Cir. 1968).
The doctrine of part performance excepts certain agreements from the operation of the statute of frauds. It might be argued that the giving of assurances that a performance bond would be issued was part performance of paragraphs 5.1 and 5.2 of exhibit B requiring procurement and issuance of performance bonds, and thus part performance of the entire contract. Even assuming the doctrine would apply to plaintiff-vendors, there is no possibility of proving on the facts as alleged that defendant has in any way permitted plaintiffs to perform in reliance on the contract to their substantial detriment. Certainly the mere giving of assurances was not performance in reliance on the contract which so changed plaintiffs' position that they will be defrauded unless the contract is executed. See e. g. Transport Management Co. v. American Radiator & Standard Sanitary Corp., 326 F.2d 62, 65 (3rd Cir. 1963).
Plaintiffs' allegations might be viewed as an oral agreement to agree, or an oral agreement to execute a contract at a later date. However, an oral agreement to execute an agreement that is within the statute of frauds, is itself within the statute and unenforceable. Backus Plywood Corp. v. Commercial Decal, Inc., 208 F.Supp. 687, 695 (S.D.N.Y.1962), aff'd in part, appeal dismissed in part, 317 F.2d 339, 343 (2d Cir. 1963); Grissman v. Union Carbide Corp., 279 F.Supp. 413, 417 (S.D.N.Y.1968). To hold otherwise would be "tantamount to taking the main contract out of the statute, though the whole transaction is oral . ." 3 Williston on Contracts, § 524A, p. 692 (3rd ed. 1960). See also, 2 Corbin on Contracts, § 283, p. 31 (1950).
Finally, plaintiff's allegations might be viewed as creating an oral contract subject to a condition precedent (the giving of assurances). Nonetheless, satisfaction of the condition precedent would not remove the alleged oral agreement from the purview of the statute of frauds. Enforcement of the contract upon satisfaction of the condition is still dependent on the existence of an agreement upon which "[a]n action may . . . be brought." D.C.Code § 35-2502(1973); See also, Grissman, supra, at 416.
Accordingly, defendant Amtrak's motion to dismiss plaintiffs' complaint in Case No. 78-60 C (1) will be granted.