■ BUDDMAN DISTRIBUTORS, INC., Respondent, v LABATT IMPORTERS, INC., Appellant. — Order unanimously affirmed, with costs. Memorandum: Defendant, Labatt Importers, appeals from an order denying its motion to dismiss the complaint on the ground of the Statute of Frauds (CPLR 3211, subd [a], par 5). The complaint, liberally construed, alleges an oral contract whereby the defendant gave the plaintiff the right to distribute defendant's products and promised not to terminate the distributorship unless plaintiff failed to correct a breach of the contract after being given notice of the breach. Plaintiff contends that the contract is not within the Statute of Frauds since it may be terminated within one year by the defendant should plaintiff fail to correct a breach of the agreement. Plaintiff further contends that, under the circumstances of this case, defendant should be estopped from pleading the Statute of Frauds as a defense. Normally, an oral agreement obligating a defendant to perform for an indefinite period in excess of one year is not removed from the operation of the Statute of Frauds solely because it may be terminated by a breach of one or the other party (*Zupan v Blumberg,* 2 NY2d 547, 552; *Rosen v Greenfield Co.,* 25 AD2d 802). There is authority, however, to the effect that a contract, particularly one of employment, that is terminable "for just cause" is "not one which, 'by its terms', could not be performed within one year" where there is consideration independent of the services to be rendered (see *Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, 463; Ann., 28 ALR2d 878, 881-882; *Mangini v Wolfschmidt, Ltd.,* 192 Cal App 2d 64; *Bergermeister Brewing Corp. v Bowman,* 227 Cal App 2d 274). Bearing on the issue of estoppel, the complaint states that, relying upon the defendant's promises, the plaintiff expended

substantial sums in connection with the contract which it otherwise would not have had to expend. In an affidavit in opposition to the motion, plaintiff stated specifically that it purchased vans and trailers and leased warehouse space to comply with the contract. The doctrine of promissory estoppel has been applied to preclude a defendant from pleading the Statute of Frauds as a defense, but that doctrine is "properly reserved for that limited class of cases where 'the circumstances are such as to render it *unconscionable* to deny' the promise upon which the plaintiff has relied. 3 Williston on Contracts § 533A, at 801 (3d ed. 1960) (emphasis added)." (*Smith & Co. v US Life Corp.,* 554 F2d 34; see *Swerdloff v Mobil Oil Corp.,* 74 AD2d 258; see, also, *M. H. Metal Prods. Corp. v April,* 251 NY 146; Promissory Estoppel as Basis for Avoidance of Statute of Frauds, Ann., 56 ALR3d 1037; Note, Promissory Estoppel as a Means of Defeating the Statute of Frauds, 44 Fordham L Rev 114.) Promissory estoppel has been applied to protect the promisee, who in reliance upon a promise, has suffered "unconscionable injury" (*Monarco v Lo Greco,* 35 Cal 2d 621, 623). Whether the agreement is one that is removed from the operation of the Statute of Frauds under the holding in *Weiner v McGraw-Hill (supra),* and whether the circumstances are so egregious as to render it unconscionable to permit the defendant to invoke the Statute of Frauds, are questions that should not be determined on the pleadings, but should await a full determination of the facts upon the trial. (Appeal from order of Supreme Court, Erie County, Kuszynski, J. — dismiss amended complaint.) Present — Dillon, P. J., Callahan, Denman, Boomer and Schnepp, JJ.