■ CARVEL CORPORATION, Appellant, v MARY A. NICOLINI et al., Respondents.—In an action, inter alia, for a judgment declaring that the plaintiffs have properly terminated a licensing agreement and that a restrictive covenant contained in the licensing agreement is valid, the plaintiff appeals from an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered October 30, 1987, which denied its motion for summary judgment.

Ordered that the order is modified by granting that branch of the plaintiff's motion which was for summary judgment declaring that it had legally terminated its licensing agreement with the defendants as of January 31, 1988, that it had no liability for such termination and that the defendants had no further rights after January 31, 1988, to sell or manufacture Carvel products; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff and the defendants are parties to a licensing agreement executed on September 17, 1977, whereby the plaintiff granted the defendants a license to manufacture and sell Carvel products for a period of 10 years. The expiration date set forth was January 31, 1988, but the license would automatically renew itself for another 10 years unless either party indicated the desire to terminate the license by written

notice to the other sent at least 120 days prior to the expiration date. It is uncontested that the plaintiff notified the defendants of its intent to terminate the license in a timely fashion. The agreement also contained a general disclaimer stating that all representations either written or oral were merged in the agreement and that any modification must be made in writing.

Anticipating a controversy due to other litigation between the parties, the plaintiff sought a judgment declaring its rights under the agreement, *inter alia,* requesting that the court declare the license terminated as of January 31, 1988. The plaintiff subsequently moved for summary judgment contending that the licensing agreement was clear on its face and that the merger clause and the Statute of Frauds restricted introduction of any other representations outside the agreement. The defendant replied that prior to and during the term of the licensing agreement, the plaintiff had made numerous representations to the defendants that the license agreement would be renewed if the defendants remained dealers in good standing. The defendants alleged that in reliance on the representations, the defendant Albert Nicolini became a Governor on the Carvel Board of Governors, relinquished a profitable Carvel agency so he could become a Carvel distributor for upstate New York, purchased an "ice cream merchandiser" for $4,000 in July 1986, entered into costly negotiations for sale of the store and worked diligently to build up the goodwill of the store.

We find the trial court erred in denying summary judgment on the plaintiff's first cause of action as the facts alleged by the defendants, even if taken as true, do not preclude the plaintiff from asserting the Statute of Frauds or relying upon the merger clause in the licensing agreement.

The defendants' contention that summary judgment should have been denied under the doctrine of promissory estoppel is without merit. The doctrine has been applied to preclude a party from asserting the Statute of Frauds, but is properly reserved for that limited class of actions where the result of enforcing the contract would be so egregious as to render unconscionable the Statute of Frauds *(American Bartenders School v 105 Madison Co.,* 59 NY2d 716; *Ackerman v Landes,* 112 AD2d 1081; *Buddman Distribs. v Labatt Importers,* 91 AD2d 838; *Ginsberg v Fairfield-Noble Corp.,* 81 AD2d 318). Even if all allegations made by the defendants were to be taken as true, we would not find the circumstances to be so egregious as to warrant the application of the doctrine of

promissory estoppel *(see, Swerdloff v Mobil Oil Corp.,* 74 AD2d 258).

We note that the defendants' assertions regarding fraud and reformation are also without merit. Representations which are mere expressions of opinion of present or future expectations are not to be considered promises when looking at fraud in the inducement *(see, Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211, 220; *Woodmere Academy v Steinberg,* 41 NY2d 746, 751). Here, the definition of "good standing" is too ambiguous to be relied upon as a promise as it does not relate to any concrete fact or a past or present event *(Backer Mgt. Corp. v Acme Quilting Co., supra).* As such, we find the defendants' allegations, even if taken as true do not amount to the perpetration of fraud. As there is no allegation of mutual mistake here, the defendants only have fraud to rely upon for their claim in reformation *(see, Backer Mgt. Corp. v Acme Quilting Co., supra).* Since this court finds that no fraud was perpetrated under the facts alleged, the defendants' demand for reformation must also fall.

Finally, we note that the papers submitted by the plaintiff in support of its motion were insufficient to establish its entitlement to summary judgment on the second cause of action *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067). Mollen, P. J., Thompson, Brown and Eiber, JJ., concur.