■ BON TEMPS AGENCY, LTD., Respondent, v TOWERS ORGANIZATION, INC., et al., Appellants.—Order and judgment, Supreme Court, New York County (Myriam J. Altman, J.), entered December 17, 1991 and January 16, 1992, respectively, which, *inter alia,* granted summary judgment in favor of the plaintiff and against the defendants in the sum of $48,079.93, with interest from August 21, 1990, unanimously affirmed, with costs.

In this action brought to recover fees allegedly owed, plaintiff moved for summary judgment based upon an account stated. For the reason that defendants did not deny receipt of plaintiff's invoices and statement of account and the retention of such documents without objection, summary judgment was properly granted to plaintiff. *(Interman Indus. Prods. v R. S. M. Electron Power,* 37 NY2d 151.)

The oral agreement asserted by defendants, wherein they allegedly agreed to pay the plaintiff $2,000 semi-monthly in satisfaction of their existing obligations, was an executory accord which, to be enforceable was required to be in writing pursuant to General Obligations Law § 15-501 *(American Broadcasting-Paramount Theatres v American Mfrs. Mut. Ins. Co.,* 48 Misc 2d 397, *affd* 24 AD2d 851, *affd* 17 NY2d 849, *cert denied* 385 US 931).

We further agree with the IAS Court that, under the circumstances herein, neither the doctrine of partial performance nor promissory estoppel may be invoked by the defendants to avoid the Statute of Frauds defense, where defen-

dants' actions in forwarding partial payments in varying amounts at irregular intervals to the plaintiff were not unequivocally referable to the parties' alleged oral agreement *(Anostario v Vicinanzo,* 59 NY2d 662), and where enforcement of the obligation created by the stated account creates no issue of unconscionability *(Carvel Corp. v Nicolini,* 144 AD2d 611, 612).

We have reviewed the defendants' remaining claims and find them to be without merit. Concur—Carro, J. P., Rosenberger, Wallach and Ross, JJ.