■ SUSAN BOGDAN, Appellant, v PEEKSKILL COMMUNITY HOSPITAL et al., Respondents. [622 NYS2d 469] —Appeal by the plaintiff from stated portions of an order of the Supreme Court, Westchester County (Ruskin, J.), entered July 13, 1992.

ence with contract, the defendants appeal from an order of the Supreme Court, Westchester County (Silverman, J.), entered April 6, 1994, which granted the plaintiff's motion to amend the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The Supreme Court improperly granted that branch of the plaintiff's motion which was for leave to amend the complaint so as to add a ninth cause of action against the defendant Peekskill Community Hospital (hereinafter the Hospital) alleging wrongful interference with prospective economic advantage. It is well settled that in order to establish this tort, a plaintiff must demonstrate that the alleged interferer used unlawful or improper means or that the interference by lawful means constituted the infliction of intentional harm done without excuse or justification (see, *Alexander & Alexander v Fritzen*, 68 NY2d 968, 969; *Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 194; *Datlow v Paleta Intl. Corp.*, 199 AD2d 362, 363; *Jurlique, Inc. v Austral Biolab Pty.*, 187 AD2d 637, 639; *Nassau Diagnostic Imaging & Radiation Oncology Assocs. v Winthrop-University Hosp.*, 197 AD2d 563, 564). In an attempt to come within the parameters of this rule, the plaintiff relied solely, at the Supreme Court, on a determination of the Public Health Council, dated May 15, 1992. However, contrary to the plaintiff's contention, the Public Health Council did not make a finding that the Hospital committed an "improper practice" as defined in Public Health Law § 2801-b (1), in suspending her medical privileges. Moreover, on September 8, 1992, a Hearing Committee of the State Board of Professional Medical Conduct (hereinafter the Committee) found the plaintiff guilty of professional misconduct, stemming from her treatment of several of the subject patients at the Hospital. The Administrative Review Board for Professional Medical Conduct (hereinafter the Board) sustained the Committee's determination and the Appellate Division of the Supreme Court in the Third Judicial Department confirmed the determination of the Board (see, *Matter of Bogdan v New York State Bd. for Professional Med. Conduct*, 195 AD2d 86). Thus, it is clear that the Hospital did not commit an "improper practice" as defined in Public Health Law § 2801-b (1). Since the plaintiff's proposed ninth cause of action is patently lacking in merit, that branch of the plaintiff's motion seeking leave to amend the complaint to add that cause of action should have been denied as a matter of law (see, *Staines v Nassau Queens Med. Group*, 176 AD2d 718).

The plaintiff also sought to amend the complaint by substituting an amended eighth cause of action. However, that branch of the plaintiff's motion should also have been denied since this amended eighth cause of action is duplicative of the first cause of action in the complaint (see, Nurnberg v Dwork, 12 AD2d 612). Mangano, P. J., Balletta, O'Brien and Hart, JJ., concur.