■ WARNER BROS. PICTURES, INC., Respondent, v. NEIL SIMON et al., Appellants.— Appeal from order entered on September 24, 1963 unanimously dismissed, as moot. Order, entered on April 21, 1964, denying defendants' motion for judgment dismissing or for summary judgment on the first cause of action for inducing breach of contract and granting the motion as to the second cause of action for a declaratory judgment, unanimously modified, on the law, to the extent of granting summary judgment dismissing the first cause of action, and, as so modified, affirmed, with $20 costs and disbursements to appellants. The first cause of action is for wrongfully inducing the breach of a contract between plaintiff and defendants Simon and Ellen Enterprises, Inc. The defendant parties to the basic contract are not liable in tort; their liability is solely for breach of the contract. Hence, the action does not lie against defendants Simon and Ellen Enterprises, Inc. (*Lager* v. *Su Su Fashions,* 10 A D 2d 832.)

Defendants Simon and Ellen Enterprises, Inc., deny they entered into the alleged contract. Plaintiff, therefore, is unable to establish that said defendants would have performed under the alleged contract but for the alleged interference of defendant Paramount Pictures Corporation. (*Rice* v. *Manley*, 66 N. Y. 82, 87; *Stewart & Co.* v. *Marcus*, 124 Misc. 86, 89, affd. 220 App. Div. 828.) In addition, defendants Simon and Ellen Enterprises, Inc., successfully asserted in this action the Statute of Frauds as a complete defense to the action on the contract alleged in the original complaint. Thereby is demonstrated said defendants' present unwillingness to abide by the alleged contract. Moreover, the affidavits establish that the alleged contract was negotiated by a theatrical agent whose authority to contract in his behalf is denied by Simon, the playwright, whose play is the subject of the contract. Immediately on advice of plaintiff's claimed contract, Simon repudiated it and the agent's authority to enter into it. In the circumstances, it is patent that Paramount did not fraudulently interfere with the alleged contract. (*Jennings* v. *Burlington Ind.*, 19 A D 2d 877; *Stewart & Co.* v. *Marcus, supra.*) Concur — McNally, J. P., Stevens, Eager, Steuer and Staley, JJ.