R. Edward Nestlerode et al., Appellants, v Federal Insurance Company, Respondent.

Fourth Department, February 28, 1979

### APPEARANCES OF COUNSEL

*Erickson, Webb & Scolton (Kevin Maloney* of counsel), for appellants.

*Woodin & Carpenter (Bruce K. Carpenter* of counsel), for respondent.

### OPINION OF THE COURT

SCHNEPP, J.

Plaintiffs appeal from an order of the Supreme Court which granted defendant Federal Insurance Company's (Federal) motion for summary judgment in an action brought to recover damages for intentional or reckless infliction of extreme emotional distress. The action is based upon comments made during the trial of a previous action brought by H & N Affiliates, Inc. (H & N) against the Hunkin-Conkey Construction Company and Federal. Plaintiff, R. Edward Nestlerode, president and owner of H & N, was its chief witness at the trial. Mr. Nestlerode alleges that he had suffered a serious accident prior to the trial in which he sustained a broken leg and multiple internal injuries, and was only partially recovered by the date of this incident. At the time the alleged tortious remarks were made, plaintiff was returning to his

seat with the aid of a crutch during a recess of the court after his cross-examination by Don H. Pace, counsel for the co-defendant Federal, had concluded for the day. Plaintiff had testified under direct examination for about one day and under cross-examination for about three days. Nestlerode claims that he made an amiable passing remark to Pace who then made certain comments with the intention to intimidate, harass and frighten him. Nestlerode alleges that Pace said that "he (Pace) wondered if I realized how serious a situation I was in and what I had to lose", and stated that "an offer of settlement had been made, whether I knew it or not and that my attorneys had turned it down", that "the case should have been settled", that "(I) had much to lose in my business if I continued the lawsuit", and that "he (Pace) was going to go all the way, or words to that effect". This conversation which occurred at defense counsel's table was outside the hearing of the attorneys representing H & N and Nestlerode, one of whom was positioned at his counsel table approximately six feet away. Nestlerode further avers that Pace queried him earlier that day about the nature of the assets of H & N. He maintains that Pace by these conversations "intended to cause me to suffer anxiety and emotional distress by implying that he would cause damage to me going far beyond the amount being disputed in the lawsuit and intended to cause me to lower my opinion of my attorneys all of which, if it had been successful, would have benefited his clients and himself".

Plaintiffs contend (1) that this intentional infliction of emotional distress is actionable per se, and (2) that a violation of the Code of Professional Responsibility and the ethical and disciplinary rules of the legal profession constitutes outrageous conduct, which becomes actionable because of the special relationship between a lawyer and the opposing party.

■ ■ Viewing the allegations of the complaint and the assertions in their support in the perspective most favorable to the plaintiffs and accepting their version of the facts as true, we find that no cause of action is stated for intentional infliction of severe emotional distress *(Fischer v Maloney,* 43 NY2d 553). "An action may lie for intentional infliction of severe emotional distress 'for conduct exceeding all bounds usually tolerated by decent society' (Prosser, Torts [4th ed], § 12, p 56)" *(Fischer v Maloney, supra,* p 557). The rule is stated in the Restatement, Torts 2d, as follows: "One who by extreme and outrageous conduct intentionally or recklessly

causes severe emotional distress to another is subject to liability for such emotional distress" (§ 46, subd [1]; see Comment *d:* "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community"). "There is no occasion for law to intervene in every case where some one's feelings are hurt" (Restatement, Torts 2d, § 46, Comment *d).*

Plaintiffs' version of Pace's statements clearly indicates that a violation of canon 7 of the Code of Professional Responsibility occurred (EC7-18; DR7-104[A]). The words, if uttered, were unfortunate and better left unsaid. However, a breach of a disciplinary rule does not necessarily constitute "extreme and outrageous conduct". While a breach cannot be looked upon with favor, it cannot, standing alone, be reflexively characterized as "utterly intolerable in a civilized community". Any communication between the two about the lawsuit would have been in breach of the rule. Even if Pace occupied a special relationship to Nestlerode, or was aware of some peculiar susceptibility of Nestlerode to emotional distress by reason of his physical or mental condition, the conduct must still be outrageous to be actionable (Restatement, Torts 2d, § 46, Comments *e, f).* It must consist of more than mere insults, indignities, and annoyances and must be so shocking and outrageous as to exceed all reasonable bounds of decency.

There is no allegation or evidence that the defendant conducted a planned program of harassment or threats; no evidence of the presence of vindictiveness, taunting or derision (cf. 2 NY PJI 617-619; *Long v Beneficial Fin. Co. of N. Y.,* 39 AD2d 11; *Halio v Lurie,* 15 AD2d 62; *Callarama v Associates Discount Corp. of Del.,* 69 Misc 2d 287; *Flamm v Van Nierop,* 56 Misc 2d 1059; *Ruiz v Bertolotti,* 37 Misc 2d 1067, affd 20 AD2d 628; see, also, *Blair v Union Free School Dist. No. 6, Hauppauge,* 67 Misc 2d 248.) "Whatever may be alleged as to motivation * * * [these courtroom conversations] in the circumstances disclosed in this record [do] not constitute conduct within the rule described by Dean Prosser and the Restatement" *(Fischer v Maloney,* 43 NY2d 553, 557, *supra).* We hold that plaintiffs simply do not state facts sufficiently shocking or outrageous as to set forth a cause of action for intentional infliction of mental distress *(Clark v New York Tel. Co.,* 52 AD2d 1030, affd 41 NY2d 1069).

■ In view of the above holding, it is unnecessary to discuss other issues raised in this appeal. It is noted, however, that Special Term exceeded its role by resolving factual discrepancies or inconsistencies in determining the motion. For the foregoing reasons, the action of Special Term in granting defendant's motion for summary judgment and dismissing the amended complaint was correct and the order should be affirmed.

SIMONS, J. P., CALLAHAN, DOERR and WITMER, JJ., concur.

Order unanimously affirmed, without costs.