Dorothy MOYE, Plaintiff,

v.

Clyde GARY, Defendant.

No. 84 Civ. 2460 (RWS).

United States District Court,
S.D. New York.

Oct. 4, 1984.

Dorothy E. Moye, plaintiff, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant; Bernard W. Bell, Asst. U.S. Atty., New York City, of counsel.

**OPINION**

SWEET, District Judge.

Plaintiff Dorothy E. Moye ("Moye") commenced this action in New York Civil Court on March 7, 1984, seeking $25,000 for mental anguish. On April 6, 1984, defendant Clyde Gary ("Gary"), an officer of the Department of Health and Human Services, removed the action to this court. Gary has now moved for an order pursuant to Fed.R. Civ.P. 12(b)(6) dismissing the complaint for failure to state a claim upon which relief may be granted, or, in the alternative, for summary judgment pursuant to Fed.R. Civ.P. 56. Moye, proceeding *pro se* submitted no papers in opposition and did not appear for oral argument on August 24, 1984. For the following reasons, the mo-

tion is granted and the complaint is dismissed.

The complaint alleges that on February 2, 1984, Gary verbally harassed and insulted Moye in front of her daughter, and on March 5, 1984, Gary called Moye a "fag" and a "poor woman." The facts with respect to the first incident are undisputed. There is, however, a material issue of fact with respect to the second conversation.

On February 28 and March 5, 1984, Moye was a clerical employee in the Disability Inquiry Staff-Disability Program Branch Unit (the "Unit") of the Social Security Administration, Department of Health and Human Services. On February 28, 1984, Gary was Acting Supervisor of the Unit. One of his duties was to make sure that letters concerning social security claims filed by members of the public were properly recorded and distributed to claims examiners. Moye was responsible for recording and distributing such letters to claims examiners.

On February 28, 1984, Gary noticed that written inquiries from members of Congress, State Legislators and other public officials had not been recorded or distributed. When Moye returned from lunch, Gary spoke to her about these letters and informed her that they should be given priority. Moye's daughter and some member of the Unit were in the area and could hear his comments. Gary later apologized for discussing the matter in the presence of Moye's daughter and others.

On March 5, 1984, while Gary was not Acting Supervisor, Gary and Moye had a private conversation. Gary maintains he initiated the conversation to dissipate Moye's apparent animosity toward him. Gary claims he told Moye that someone had started a rumor that he had called her a poor woman but in fact he had never done so. In addition, he claims to have informed her that someone had asked him if Moye were "gay." Gary denies asking Moye if she were "gay" or saying that she was "gay."

## Conclusions of Law

■ The complaint appears to assert a claim for intentional infliction of emotional distress. In New York, " 'one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress.' " *Fischer v. Maloney,* 43 N.Y.2d 553, 402 N.Y.S.2d 991, 992, 373 N.E.2d 1215, 1217 (1978) (*quoting Restatement (Second) of Torts* § 46). A person is liable for intentional conduct intended to cause emotional distress "only where the conduct has been so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.,* 402 N.Y.S.2d at 993, 373 N.E.2d at 1217. The allegedly actionable conduct "must be more than insults, indignities, threats and annoyances," *Nestlerode v. Federal Insurance Co.,* 66 A.D.2d 504, 414 N.Y.S.2d 398 (4th Dep't 1979). The misconduct must be of the most egregious nature. *Murphy v. American Home Products Corp.,* 58 N.Y.2d 293, 461 N.Y.S.2d 232, 236, 448 N.E.2d 86, 90 (1983). As the *Restatement (Second) of Torts* explains:

> Liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where someone's feelings are hurt. There must still be freedom to express an unflattering opinion, and some safety value must be left through which irascible tempers may blow off relatively harmless steam.

■ Assuming the truth of Moye's allegations concerning the February 28 incident, they do not reach the level of severity required to state a cause of action for intentional infliction of emotional distress.

*See, e.g., Belanoff v. Grayson,* 98 A.D.2d 353, 471 N.Y.S.2d 91, 94 (1st Dep't 1984) (criticism of job performance). Similarly, the March 5 incident involved, at most, insults or indignities, not conduct "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *Fischer v. Maloney, supra,* 402 N.Y.S.2d at 993, 373 N.E.2d at 1217.

■ Some New York courts have held that words constitute slander *per se* if they impute homosexual behavior. *Privitera v. Town of Phelps,* 79 A.D.2d 1, 435 N.Y.S.2d 402, 404 (4th Dep't 1981); *Mazart v. New York,* 109 Misc.2d 1092, 441 N.Y.S.2d 600, 604 (Ct. Claims 1981) (letter indicating claimants were "members of the gay community" was libel *per se* ); *Matherson v. Marchello,* 100 A.D.2d 233, 473 N.Y.S.2d 998, 1001 n. 2 (2d Dep't 1984); but *see Stein v. Trager,* 36 Misc.2d 227, 232 N.Y. S.2d 362 (1962). However, the complaint does not state a cause of action for slander because the complaint alleges that the March 5 conversation was private. Derogatory words must be communicated to a third person to support a claim for libel or slander. *See* W. Prosser, *The Law of Torts* § 111, at 737 4th ed. (1971).

For the foregoing reasons, Gary's motion is granted. The clerk of the court is directed to enter judgment dismissing the complaint.

**IT IS SO ORDERED.**