**UNITED STATES of America**

v.

**John Peter GALANIS, et al., Defendants.**

**No. S87 Cr. 520 (CLB).**

United States District Court, S.D. New York.

March 9, 1988.

On Reargument May 19, 1988.

Rudolph Giuliani, U.S. Atty., S.D.N.Y. (Vincent L. Briccetti, Steven Robinson, Asst. U.S. Attys., of counsel), for the U.S.

John J. Byrnes, Legal Aid Society, White Plains, N.Y., for Marchese.

John R. Wing, Weil, Gotshal & Manges, New York City, for Mason.

Henry J. Steinglass, New York City, for Klusky.

Alan Levine, Anne Heyman, Kronish, Lieb, Weiner & Hellman, New York City, for Rosengarten.

## MEMORANDUM AND ORDER

BRIEANT, Chief Judge.

Anthony J. Marchese, Samuel Rosengarten and Laurence H. Klusky, defendants in this multi-defendant 58 RICO Count Indictment, seek to suppress evidence of statements they made to wired government accomplice witnesses, John Volatile and Samuel Yonnone. The statements were made prior to the indictment, in non-custodial settings, at a time when the Assistant United States Attorney in charge of this matter knew that the defendants were represented by counsel and allowed accomplices cooperating with the government to have conversations with them, while wired, in order to elicit damaging admissions.

■ It is quite clear in this Circuit that at the preindictment stage, Sixth Amendment rights have not attached, nor at that stage, absent custodial interrogation of a target himself, are there additional rights grounded in the due process clause. *In re Grand Jury Subpoena,* 781 F.2d 238, 243 (2d Cir.1985), *cert. denied,* 475 U.S. 1109, 106 S.Ct. 1515, 89 L.Ed.2d 914 (1986).

■ However, a different argument for suppression is made here, based upon Disciplinary Rule 7–104(A)(1), which provides in relevant part as follows:

"During the course of his representation of a client, a lawyer shall not communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so."

This disciplinary rule, which has a long history in the canons of ethics, does not by its terms apply only to litigation, nor does it apply specifically to a prosecutor. Indeed, it applies to persons retained to handle real estate transactions, administer estates for an executor, seek legislative relief, or any other of the myriad of tasks for which lawyers are employed. Its essential purpose is to avoid misunderstandings, unfairness or overreaching when a skilled lawyer speaks to a layperson, and to preserve the collegiality which must exist among members of the bar, and cannot if lawyers talk to another's client behind the lawyer's back. *See Nestlerode v. Federal Ins. Co.,* 66 A.D.2d 504, 414 N.Y.S.2d 398, (4th Dept.1979).

Defendants argue here that such conduct is a violation of the spirit if not the rule of *Massiah v. United States,* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). This Court is not concerned with the spirit of *Massiah,* if it has any. We should concern ourselves solely with the issue of whether

the law has been violated, and if so, what remedy flows therefrom, leaving spiritual issues for others to resolve.

A panel of our Court of Appeals stated *in dictum,* and we assume for purposes of our discussion, that, as noted in *United States v. Jamil,* 707 F.2d 638, 645 (2d Cir. 1983), "D.R. 7–104(A)(1) may be found to apply in criminal cases ... and to government attorneys [as well as to] non-attorney government law enforcement officials when they act as the *alter ego* of government prosecutors." It is, of course, a useless inquiry to find out whether an agent is acting as an *"alter ego* of government prosecutors." Indeed, all are, or perhaps none, depending on how the term *alter ego* is to be defined. It would represent the useless injection of one more pre-trial evidentiary hearing in a criminal case to require the trial court to ascertain whether the agent acted as an *alter ego* in that he was directed by the prosecutor on what questions to ask or how to steer the conversation, or whether the agent was merely bumbling around on his own like a loose cannon and came into contact with the defendant. On such useless and immaterial differentiations, the enforcement of the criminal law should not be allowed to depend.

This Court declined to apply D.R. 7–104(A)(1) in *United States v. Buettner-Janusch,* unreported in the District Court but affirmed, on this issue *sub silentio,* at 646 F.2d 759, 767 (2d Cir.), *cert. denied,* 454 U.S. 830, 102 S.Ct. 126, 70 L.Ed.2d 107 (1981).

In a recent case in the Eastern District of New York, *United States v. Hammad,* 678 F.Supp. 397 (1987), and presently pending appeal, the Court held that "a cooperating government witness was the prosecutor's *alter ego* when he met with the subject of an investigation and taped his admissions," and dismissed the indictment. This decision, which is not a binding precedent, is regarded as wrongly decided. A far better analysis is found in *United States v. Guerrerio,* 675 F.Supp. 1430 (S.D. N.Y.1987), in which Judge Edelstein of this district found that "exclusion of evidence is

not an appropriate remedy for a violation of D.R. 7–104(A)(1)," and also concluded that the rule was "inapposite to the investigatory phase of a criminal case."

■ The exclusionary rule, which punishes society for the errors of its representatives by having criminal matters terminated without reference to guilt or innocence, has done enough damage and has failed miserably to fulfill the desires of its authors. Absent further or different instructions from the Supreme Court of the United States, this Court declines to enlarge the exclusionary rule so as to suppress conversations obtained pre-indictment arguably in violation of D.R. 7–104(A)(1). This branch of the motion is denied.

So Ordered.

### ON REARGUMENT

Subsequent to the issuance of this opinion, the Court of Appeals reversed the district court decision in *Hammad,* discussed *supra.* See, *United States v. Hammad,* 846 F.2d 854 (2d Cir.1988) (district court decision reported at 678 F.Supp. 397). The panel opinion suggests that, while a prosecutor's conduct in using a "wired" agent or cooperating individual to interrogate a suspect whom the United States Attorney knows to have retained counsel for the same investigation constitutes a violation of D.R. 7–104(a)(1), the district court in *Hammad* abused its discretion by applying the drastic remedy of suppression of the truth, apparently because the law concerning the application of the Disciplinary Rule to preindictment criminal investigations was "unsettled" at the time of the Government's misconduct.

Following receipt of the Court of Appeals decision in *Hammad,* defendants Marchese and Rosengarten (Klusky having entered a plea of guilty), now renew their suppression motion that was denied on March 9, 1988. Since the Court of Appeals found that suppression in *Hammad* was an abuse of discretion, there seems to be no basis for holding that *Hammad* compels, or even supports, changing this Court's prior order denying suppression. The law was no more and no less "unsettled" when

the prosecutor made the decision to send out a wired accomplice in this case than it was when the tapes were made in *Hammad*. Suppression here would be an abuse of discretion, just as it was in *Hammad*.

For future cases, the Court of Appeals decision in *Hammad* presents a serious problem. The panel has made a new rule of criminal law, adverse to prosecutors, under conditions preventing *certiorari* on the part of the Government because it is the prevailing party, in that the suppression order appealed from was reversed. The *Hammad* decision specifically declines to establish a bright line (At 861), and sets forth little by way of an objective standard to guide the lower courts in the exercise of discretion next time the issue arises. Also up for grabs is the slippery issue of when an agent or accomplice will become an *alter ego;* how much direction must take place to evoke this arcane concept shielded in Latin, and how can it be proved?

On reargument, this Court adheres to its prior decision.

So Ordered.