*347 OPINION OF THE COURT
Edward H. Lehner, J.
Defendant Feder, Kaszovitz, Isaacson, Weber & Skala, a law firm, has moved (i) to dismiss the fourth and fifth causes of action of the complaint pursuant to CPLR 3211 (a) (7), and (ii) for a more definite statement pursuant to CPLR 3024 (a). The latter request for relief was withdrawn at oral argument.
Codefendant Lubin, a former associate of the firm, has cross-moved to (i) strike prejudicial matter, and (ii) to seal the file pursuant to Judiciary Law § 90 (10). The former request was withdrawn, and the latter is denied as there is no basis to seal where the only grounds asserted relate to the fact that said defendant is being charged with legal malpractice on a matter he handled for plaintiff, a fellow associate.
In the fourth and fifth causes of action, plaintiff claims he was wrongfully discharged by the firm because of his "insistence that Lubin’s breaches of fiduciary duty and violations of the Code of Professional Responsibility be reported to the Disciplinary Committee of the Appellate Division.”
In opposing the application to dismiss, plaintiff suggests that the issue of "whether a law firm may terminate the employment of an associate-employee without penalty where termination is motivated by the employee’s effects to have the firm comply with a disciplinary rule” is one of first impression in this State. Although that may be true, the principles to be applied in this case are no different from those applied to any other at-will employee.
The general rule in employment-at-will cases was summarized as follows in Murphy v American Home Prods. Corp. (58 NY2d 293, 305 [1983]): "In sum, under New York law as it now stands, absent a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of employment, an employer’s right at any time to terminate an employment at will remains unimpaired.”
Plaintiff argues that the public policy of protecting against improper activities by attorneys is an exception to the foregoing, and cites Waldman v Englishtown Sportswear (92 AD2d 833 [1st Dept 1983]) in support of that proposition. In that case decided on March 29, 1983 (the very same day as the date of the decision in Murphy v American Home Prods. Corp., supra) the Appellate Division stated, with respect to an employee at will (at 835), that "no cause lies for wrongful or abusive discharge absent a showing by plaintiffs that the *348 discharge was .in violation of public policy”. However, as noted above, the Court of Appeals in Murphy did not find any "public policy” exception in its ruling on wrongful discharge claims even though the plaintiff therein alleged he uncovered "at least $50 million in illegal account manipulations of secret pension reserves which improperly inflated the company’s growth in income”, and that his dismissal for refusing to engage in improper accounting improprieties was " 'contrary to public policy’ ” (supra, at 298).
In Sabetay v Sterling Drug (69 NY2d 329 [1987]), although the plaintiff employee claimed he was discharged because he "blew the whistle” by reporting tax avoidance schemes to his supervisor, the court dismissed his claim on the authority of Murphy (supra).
Thus, although these two Court of Appeals decisions involved claims of tax avoidance and improper financial reporting by large corporations with public shareholders, the court has declined to adopt an exception based on general concepts of public policy, and has indicated that:
"alteration of employment relationships * * * is best left to the Legislature * * * because stability and predictability in contractual affairs is a highly desirable jurisprudential value.
"Indeed, the Legislature has responded to this appropriate sensitivity by enacting numerous protections against abusive discharge and by prohibiting employers from discharging at-will employees for reasons contrary to public policy (see, Judiciary Law § 519; Executive Law § 296 [1] [e]; Labor Law §§ 215, 740; Civil Service Law § 75-b).” (Sabetay v Sterling Drug, supra, at 336-337.)
One of the statutes referred to by the court, section 740 of the Labor Law, is relied upon by plaintiff herein even though he acknowledges that it "is not directly applicable to this case”. That section was adopted by the Legislature in 1984 (L 1984, ch 660), the year after the Murphy decision, and provides in subdivision (2) thereof that:
"An employer shall not take any retaliatory personnel action against an employee because such employee does any of the following:
"(a) discloses, or threatens to disclose to a supervisor or to a public Jbody. an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety”.
*349 The court finds said section inapplicable to this case. First, plaintiff has not asserted a violation thereof in his pleading. Knowing whether a plaintiff claims a violation of this statute is important because if such a claim were made the claimant would face the possibility, pursuant to subdivision (6) of the section, of attorneys’ fees being awarded to the employer "if the court determines that an action brought by an employee under this section was without basis in law or in fact.” Second, the alleged refusal of the law firm to report Lubin to the Disciplinary Committee cannot be said to be an "activity, policy or practice of the employer * * * which * * * presents a substantial and specific danger to the public health or safety.”
Thus since this "Whistleblowers Law” is not applicable to the facts of this case, and plaintiff has not pleaded facts to come within the exception set forth in Weiner v McGraw-Hill, Inc. (57 NY2d 458 [1982]), the rules governing the causes of action for wrongful discharge are those set forth in Murphy (58 NY2d 293, supra). Accordingly, since under the facts pleaded herein, the law firm had the right to terminate plaintiff, the fourth and fifth causes of action are dismissed.