■ HOWARD L. WIEDER, Appellant, v MURRAY L. SKALA et al., Respondents, et al., Defendant.—Order, Supreme Court, New York County (Edward Lehner, J.), entered on July 12, 1990, which denied plaintiff's motion pursuant to CPLR 3025 (b) to amend the complaint to add a sixth cause of action for tortious interference with an at-will employment contract, unanimously affirmed, with costs.

On November 20, 1990, in a companion appeal by the same plaintiff, we unanimously affirmed, on the opinion of the IAS court, the dismissal of the plaintiff's fourth and fifth causes of action of his amended complaint, for breach of an alleged employment contract and for wrongful discharge, as against the defendant law firm of Feder, Kaszovitz, Isaacson, Weber & Skala. *(Wieder v Skala,* 144 Misc 2d 346, *affd* 167 AD2d 265.)

On the present appeal, we find that the IAS court did not abuse its discretion in determining that the plaintiff's proposed sixth cause of action of his second amended complaint was insufficient, as a matter of law, to set forth a viable claim for tortious interference with plaintiff's at-will employment contract as against three individual partners of the defendant law firm, defendants Murray L. Skala, Gabriel Kaszovitz and Marcel Weber, rather than against the defendant law firm as a whole, for the termination of plaintiff's employment, allegedly in retaliation for plaintiff's insistence that the defendant law firm report one of its members, defendant Larry A. Lubin, to the Departmental Disciplinary Committee.

Although, as plaintiff correctly notes, CPLR 3025 (b) provides that leave to amend a complaint shall be freely granted *(Edenwald Contr. Co. v City of New York,* 60 NY2d 957), nevertheless, this court has held that leave to amend a complaint is not granted upon mere request without a proper showing. Rather, in determining whether to grant leave to amend, a court must examine the underlying merit of the causes of action asserted therein, since, to do otherwise would be wasteful of judiciary resources. *(Brennan v City of New York,* 99 AD2d 445; *East Asiatic Co. v Corash,* 34 AD2d 432.)

With this in mind, we find that plaintiff's proposed amendment is legally insufficient, and that the individual partners in the defendant law firm cannot therefore be held liable for interference with the at-will employment contract between the defendant law firm and the plaintiff since, as a matter of law, each of the individual partners, as parties to any contract that may have existed between the plaintiff and the firm, may not be held liable for interfering with or inducing the breach

of their own contract *(North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171; *Warner Bros. Pictures v Simon,* 21 AD2d 863, *affd* 15 NY2d 836). Moreover, the plaintiff has failed to allege independent tortious conduct by the individual partners outside the scope of their employment so as to satisfy the narrowly limited exceptions to well settled New York law that, in the absence of an agreement establishing a fixed duration of employment, an employment relationship is presumed to be freely terminable by either party, at any time, for any reason, or even for no reason at all *(Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, 463; *Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 194; *Murtha v Yonkers Child Care Assn.,* 45 NY2d 913, 914-915). Concur—Carro, J. P., Kassal, Smith and Rubin, JJ.