■ ANTHONY G., as Administrator of the Estate of JAMAL G., Deceased, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [662 NYS2d 460] —Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about January 14, 1997, which, in an action for wrongful death, insofar as appealed from as limited by plaintiff's brief, denied plaintiff's motion to amend the complaint, unanimously affirmed, without costs.

The complaint alleges that plaintiff's decedent died from AIDS contracted as a result of a sexual attack by a member of

the decedent's foster family. Plaintiff now seeks to amend the complaint to allege that the decedent contracted AIDS as a result of unspecified sexual attacks, to which defendant child-care agency had "permitt[ed] [him] to be the subject of", and that such agency had failed to provide the decedent with proper medical care. We agree with the IAS Court that the proposed amendments should be denied for both lack of merit and prejudice. Nothing in the record supports plaintiff's vague allegations that the decedent had been sexually attacked or subjected to "other activities" that could have caused AIDS, and the decedent's unavailability makes inquiry into these unspecified attacks and activities impossible (*see, Wieder v Skala,* 168 AD2d 355; *Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23). Concur—Milonas, J. P., Rosenberger, Wallach, Nardelli and Rubin, JJ.