Davis, J.
(dissenting). I respectfully dissent. The majority ignores the central guideline governing summary judgment, that “ ‘issue-finding, rather than issue-determination is the key to the procedure’ ” (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404).
The majority summarily determines that the large ammonia/ detergent spillage, left unattended by Waldbaum for several hours, could not have been a cause of plaintiffs injury. The court reasons that this spillage of a “common household product” was “remote in time and location” to plaintiffs reaction, which only occurred when she was near the Speed Track. In making this determination, the majority exceeds its role by discounting relevant conflicting facts (see, Nestlerode v Federal Ins. Co., 66 AD2d 504, 508). Contrary to the majority’s assertion, a triable issue of fact is raised as to whether this spillage was a cause of plaintiffs injury.
The evidence in the record establishes that the detergent/ ammonia spillage existed at least 30 minutes prior to the time plaintiff began her shift and was not cleaned until she left the store by ambulance several hours later. Plaintiff testified that the odor she detected prior to her reaction resembled ammonia and that this odor was different from that which she usually associated with Pro-Tek’s work. A witness testified that an ammonia and detergent mixture could emit a toxic vapor. In contrast, Speed Track contained no toxic chemicals and its manufacturer testified that it received no prior complaints about this compound. Furthermore, while the majority stresses that plaintiffs reaction occurred in proximity to the Speed Track, and approximately 75 feet from the spillage, the majority fails to note that plaintiff suffered from asthma, was allergic to cleansers, and that her physician testified that as her illness progressed over the years preceding this incident, it took “less and less of the allergens” to trigger a reaction.
It has been repeatedly held that the remedy of summary judgment is a drastic one, which should not be granted where there is any doubt as to the existence of a triable issue, or where the issue is even arguable, since it serves to deprive a party of his day in court (Gibson v American Export Isbrandt *817 sen Lines, 125 AD2d 65, 74). Drawing all reasonable inferences in favor of the nonmoving party (Robinson v Strong Mem. Hosp., 98 AD2d 976), relief should only be granted where no genuine, triable issue of fact exists (Gibson v American Export Isbrandtsen Lines, supra). Viewed in this framework, Civil Court properly denied Waldbaum’s motion for summary judgment.
Finally, contrary to the majority’s assertion, it is irrelevant that the theory of plaintiffs case is that only the actions of ProTek caused her injury. Under the liberal construction of impleader practice urged by the Court of Appeals (Cohen Agency v Perlman Agency, 51 NY2d 358), impleader is proper since a jury may find that plaintiffs injury was caused by the negligence of both Pro-Tek and Waldbaum, and that Waldbaum might be liable over to Pro-Tek for a part of plaintiffs claim against Pro-Tek (CPLR 1007).
Parness, P. J., and McCooe, J., concur; Davis, J., dissents in a separate memorandum.